## No. 8763.
### Orleans Appeal.

---

## WIDOW GASPARE LO CICERO v. SOCIETA ITALIANA DI M. B. CHRISTOFORO COLOMBO.

(December 1, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Associations, Par. 21.**
Where the by-laws of a mutual benefit society provide that a re-admitted member shall not enjoy the benefits granted by the society until three months after his re-admission, death of such a member within such time bars recovery by his widow of insurance benefits.

2. **Louisiana Digest, Damages, Par. 81, 84.**
Damages to be recovered must be proven. (Civil Code, Art. 2315—Editor's Note.)

Appeal from the Civil District Court for the Parish of Orleans, Div. "B", Hon. Fred D. King, Judge.

This is a suit to collect a death benefit and additional damages.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Theo Cotonio, attorney for plaintiff and appellee.

Loys Charbonnet, Raymond Gauche, attorneys for defendant and appellant.

BELL, J. This is a suit by a widow to collect a death benefit of $275.00 and a funeral benefit of $50.00 from the defendant society. The widow asks for $2,000.00 additional damages, claiming that the society, through malice and ill-will towards her, and for the purpose of insulting her, prevented its funeral committee from participating in the funeral of her husband, who was a member of the society.

The defense to this suit is that plaintiff's husband was not a member in good standing at the time of his death, and further, that the by-laws of the society, made part of the petition, particularly Article XXVI, Sec. 14, bars recovery because of the stipulations found therein, as follows:

"Article XXVI, Sec. 14: A member newly admitted shall not enjoy the benefits granted by the society * * * until three months after his admission; this ruling refers also to the readmitted member."

We find the facts in this case, as disclosed by the record, to be as follows:

Gaspare Lo Cicero, while a member of the Societa Italiana Di M. B. Christoforo Colombo, died suddenly on July 25, 1916. He originally joined the defendant society on February 2, 1909, and remained a member thereof until 1910, when he ceased to be a member, and was at that time in arrears for dues amounting to $7.25. He rejoined the society on March 5, 1912, and from that date paid all accruing dues up to November, 1913. After this latter date he ceased to pay further dues. His name was carried on the books of the society until August, 1914, when it was omitted from the ledger and no further postings or charges for dues were thereafter entered against him. On April 26, 1916, he made verbal application for readmission into the society and also filed a written form of application, which was filled out, at his request, by one of the society's members. This written form contains, among other printed matter, a statement that the applicant desires to be admitted as an active member and obligates himself to conform to the constitution and all rules of the society in force from the time his application is accepted. At the bottom of the application it states that an admission fee of $1.00 will be charged, and the evidence shows that same was paid by LoCicero.

It further appears that LoCicero was required to submit himself to physical examination and that he was in fact examined by the society's doctor, who approved his application, and who notified the society to that effect. A fee of $1.50 was charged for this examination but never paid by LoCicero. The minutes of the society show that he, with many other applicants, was admitted to membership on May 2, 1916, at a regular meeting of the society, and that he immediately paid the sum of $2.00. This amount represented the admission fee of $1.00 and dues of $1.00 for the month of May, 1916. For more than two and one-half months prior to his death, which occurred on July 25, 1916, he appears to have been in arrears for at least the examination fee of $1.50, and the record shows that he failed also to pay monthly dues of $1.00 for June and July of that year. The receipt given him for his dues accruing on the 1st of May contains thereon the following stipulation:

"Any member indebted to the society for two months and fifteen days contributions, will be considered suspended and deprived, therefore, of all benefits and privileges granted by the society by virtue of its by-laws. * * * "

The crucial point for determination is whether LoCicero ceased to become a member of the defendant society by virtue of his delinquency in payment of dues accru-

ing after November, 1913. We think that he did cease to become a member, at least in August, 1914, when his name was stricken from the ledger and other books of the society. His continued delinquency from November, 1913, and the action of the society in striking his name from the ledger, clearly indicate that both LoCicero and the society well understood that the former's membership had been cancelled.

The Judge of the trial court, in his reasons for judgment in favor of claimant, seems to have concluded that LoCicero's membership in the society never terminated because there was no formal resolution of the society expelling him for non-payment of dues. While there is nothing in the record indicating any such affirmative action on the part of the society, we do not consider, in the instant case, that such affirmation was necessary in order that LoCicero's membership in the society should cease. The fact that he was in arrears well over two months and fifteen days in the "contributions" or dues which he should have made to the society, when his name was dropped from the books of the society in August, 1914, made it wholly unnecessary that the society should formally expel or drop him from membership by affirmative resolution to that effect. (See innumerable authorities cited in the foot-note to the case of Knights of Columbus v. Burroughs, 17 L. R. A., New Series, page 246 et seq.) But even if we were in accord with our learned brother of the District Court on this point, there is abundant proof in the record that LoCicero considered himself, in April, 1916, to be entirely without membership and without any benefits of membership in the defendant society. All of his acts and those of the society leading up to his readmission to membership on May 2, 1916, show conclusively that he could not have been a member, even under suspension, between August, 1914, and May 2, 1916.

The trial judge found LoCicero's status on May 2, 1916, to be exactly what we find it to have been. In the judge's opinion he states "He (LoCicero) rejoined or was readmitted in the society on the 2nd day of May, 1916". There is nothing in the record to show that LoCicero's dues, from the first date of his membership, to-wit, February 1, 1910, up to the date of his readmission, to-wit, May 2, 1916, were ever remitted by any formal resolution of the society. If they were never remitted, then he forfeited all rights or benefits after two months and fifteen days had elapsed in respect to any dues for which he may have been in arrears. It is fair to assume, however, that readmission to membership on May 2, 1916, without requirement by the society that he should settle for back dues of long standing, would have estopped the society in any plea of forfeiture for the delinquency. But this is not the real point of contention. Having been readmitted to membership, LoCicero was subject to the provisions of Article XXVI, Sec. 14, of the by-laws, and having died within three months after his readmission, there can be no enjoyment of benefits such as are now claimed by the widow. There is no proof in the record supporting the damages which have been claimed, hence none can be allowed.

It is, therefore, ordered, adjudged and decreed that the judgment herein appealed from be reversed and set aside; it is now ordered and decreed that there be judgment in favor of defendant, Societa Italiana Di M. B. Christoforo Colombo, and against Widow Gaspare LoCicero, plaintiff, dismissing plaintiff's claim at her costs in both courts.